**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 1:09-CR-0064-2 |
| v. | (JUDGE CAPUTO) |
| FELIX ALBERTO COLLAZO | |
| Defendant. | |

## **MEMORANDUM**

Presently before this Court is a Motion to Correct Sentence under 18 U.S.C. § 2255 (*Doc.* 487) filed by Defendant Felix Alberto Collazo ("Defendant"). The facts presented at Defendant's change of plea hearing and in the uncontested Pre-Sentence Investigation Report show that Defendant committed a crime of violence, namely a Hobbs Act robbery. While Defendant did not plead guilty to a Hobbs Act robbery, such a plea is not required to sustain a conviction under 18 U.S.C. § 924(c). For this reason, Defendant's Motion will be denied.

### **I. Background**

**A.   Factual History:**

On the morning of January 17, 2009 two members of the Bloods street gang agreed that they would travel into the City of Harrisburg to rob at least one person. That night, the gang members–Defendant Collazo and Dion Dakota Johnson–approached their victim as he exited his car. The victim was immediately forced into the backseat of his car at gunpoint and was forced to give the Defendant his car keys, his ATM card, and his ATM identification number. While in the backseat, the Defendant continued to point his gun at the victim. Eventually, the victim was moved to the trunk of the car.

Next, the Defendant proceeded to travel around Harrisburg in search of ATMs. He discovered four ATMs and withdrew a total of $400 from the victim's bank account. After

securing this money, the Defendant abandoned the victim's car in a secluded ally. The victim remained locked in the trunk for over an hour in freezing cold temperatures. Luckily, the victim was able to kick out the backseats of the car to escape.

**B.    Procedural History:**

As a result of Defendant's conduct, a federal grand jury returned an eight-count[1] Second Superseding Indictment ("SSI") on April 29, 2009 charging him with: (1) Conspiracy to Commit Robbery in violation of 18 U.S.C. § 1951(a) (Count I) ("conspiracy to commit Hobbs Act robbery"); (2) Robbery in violation of 18 U.S.C. § 1951(a) (Counts II and III); (3) Robbery in violation of 18 U.S.C. § 2119 (Count IV); (4) Brandishing a weapon in furtherance of a crime of violence in violation of 18 U.S.C. 924(c) (Count V); and (5) Brandishing a weapon in furtherance of a crime of violence in violation of 18 U.S.C. 924(o) (Count VI). (*Doc*. 53.) The Defendant pleaded not guilty to these charges on May 12, 2009. (*Doc*. 96.) However, on November 5, 2009 the Defendant moved to withdraw his plea of not guilty. (*Doc*. 245.) I granted Defendant's Motion. (*Id.*)

Subsequently, the Defendant entered into a plea agreement. (*Doc*. 231.) This agreement stipulated that the Defendant would plead guilty to Counts I and V of the SSI, and the government would dismiss all remaining Counts. (*Id.*) I accepted the Defendant's plea in accord with this agreement on November 5, 2009. (*Doc*. 245.)

Now, in light of recent developments in the law, Defendant has filed a Motion to Correct Sentence under 18 U.S.C. § 2255. This Motion has been fully briefed and is ripe for review.[2]

---

[1]    The Defendant was not charged in Counts VII or VIII.

[2]    I stayed this action pending a decision from the Third Circuit in *United States v. Robinson.* (*Doc*. 491.)  On December 19, 2016, the Third Circuit issued a decision in *Robinson*, and the Defendant filed a supplemental brief addressing that decision. (*Doc*. 510.)

## II. Legal Standard

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Section 2255(b) generally entitles a petitioner to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

In considering a § 2255 motion, the "district court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Johnson v. United States*, 294 Fed. App'x 709, 710 (3d Cir. 2008) (internal quotation omitted). The district court may, however, dispose of "vague and conclusory allegations" contained in a § 2255 petition without further investigation. *Id.* at 710 (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

## III. Discussion

Title 18, United States Code, Section 924(c) imposes a five-year mandatory minimum consecutive sentence for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime,

3

possesses a firearm . . . ." For the purposes of this statute, a "crime of violence" is a felony and either:

(1) has an element the use, attempted use, or threatened use of physical force against the person or property of another ("the Force Clause"), or

(2) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ("the Residual Clause").

Defendant argues that a conspiracy may not be considered a crime of violence under the Force Clause because the "use, attempted use, or threatened use," of physical force is not an element of the conspiracy. Further, Defendant contends that the conspiracy charge cannot qualify as a crime of violence under the Residual Clause because that clause has been rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, the government disagrees and argues that following the Third Circuit's decision in *United States v. Robinson*, the Force Clause supports the instant conviction under § 924(c). I agree with the government and will find that the facts underlying the Defendant's plea support a conviction under the Force Clause of § 924(c).

## A. The Force Clause

The Defendant argues that the conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the Force Clause of § 924(c). Specifically, the Defendant contends that conspiracy to commit Hobbs Act robbery cannot qualify as a predicate offense under the Force Clause because the elements of a conspiracy do not include "the use, attempted use, or threatened use of physical force." 18 U.S.C. § 825(c)(3)(A); *see United States v. Pressler*, 256 F.3d 144, 149 (3d Cir. 2001) (explaining that the elements of a conspiracy charge are: "(1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together towards that [unlawful] goal."). Yet, in light of the Third Circuit's recent decision in *United States v. Robinson*, I will conclude that his actions qualify as a crime

4

of violence under the Force Clause.

"Generally, when courts determine whether a crime is a crime of violence, they compare the elements of the predicate offense to the definition of 'crime of violence,' in what is referred to as the categorical approach." *United States v. Thomas*, 703 Fed. App'x 72, 78 (3d Cir. 2017) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). This approach requires that a court "look only at the elements of the crime and not the facts of a specific case" to determine if the minimum conduct criminalized under a statute constitutes a "crime of violence." *Kennedy*, 720 Fed. App'x at 110.

The categorical approach is not appropriate in all cases. For example, the categorical approach is not appropriate in cases where the predicate offense and § 924(c) offense are contemporaneous. *See United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016). In *United States v. Robinson*, the defendant brandished a gun during two robberies. *Id.* at 139. A jury convicted the defendant on two counts of Hobbs Act robbery and for brandishing a firearm during the commission of a crime of violence. *Id.* at 140. On appeal, both parties agreed that the "categorical approach" must be used to determine whether or not a Hobbs Act robbery is a crime of violence. *Id.* at 141. But the *Robinson* Court rejected this approach. The Court explained that the categorical approach is not needed in situations where the predicate offense is tried contemporaneously before the same court because "the record of all necessary facts are before the district court," and these facts "unmistakably shed light on whether the predicate offense was committed with 'the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* at 143. Thus, "analyzing a § 924(c) predicate offense in a vacuum is unwarranted." *Id.*

Following *Robinson*, a district court's analysis under § 924(c) need not end with the elements of a contemporaneous predicate offense, but should include facts contained in the charging documents, found by a jury, or admitted by the defendant in a plea.

Here, the categorical approach does not apply. Instead, I am instructed by the

5

Third Circuit's holding in *Robinson* to examine the facts underlying the Defendant's guilty plea to determine if he committed a crime of violence.[3] He did.

The facts underlying his guilty plea illustrate that he brandished a firearm during the commission of a Hobbs Act robbery. The statute which governs the Defendant's Hobbs Act predicate offense provides as follows:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section—
>
> > (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. 1951(a), (b). At a hearing before this Court the Defendant confirmed that:

> [O]n January 17, 2009, the Defendant and [a member of the Bloods street gang] robbed and individual . . . as he parked his car in the city of

---

[3] As will be discussed below, it is well settled that an individual who commits a Hobbs Act robbery while brandishing a weapon has committed a crime of violence under the Force Clause of § 924(c). Some courts have concluded that there is no need to conduct an extended analysis of the facts underlying a plea to conspiracy to commit Hobbs Act robbery because, "under the statute, interference with commerce by robbery is not a distinct offense from conspiracy to interfere with commerce by robbery." *United States v. Williams*, 179 F. Supp. 3d 141, 155 (citing 18 U.S.C. § 1951(a)); *see also United States v. Turner*, 501 F.3d 59, 67 (1st Cir. 2007). Thus, a court could conclude that a conspiracy to commit a Hobbs Act robbery while brandishing a weapon is also a crime of violence. Here, however, I will not abbreviate my analysis. Rather, I will look to the facts underlying Defendant's plea to determine if he committed a crime of violence.

6

> Harrisburg. At gunpoint, they forced [the victim] back into his car, forced him to . . . provide his ATM card and the identification number for that [ATM] card, and drove through the city of Harrisburg. Ultimately they put [the victim] in the trunk of his vehicle and used the AMT card and obtained cash from [the victim's] bank account . . . . [B]y taking these funds by force the Defendant affected interstate commerce. In the course of committing this robbery the defendant possessed a firearm in furtherance of committing this robbery.

(*Doc.* 254, at 16:13-25; 17:1-8.) In other words, the Defendant admitted during his plea hearing that he committed a Hobbs Act robbery when he obtained, and subsequently used, the victim's ATM card and identification number by threat of force. Additionally, he admitted that he brandished a gun during that robbery.

A Hobbs Act robbery, when concurrent with a conviction for brandishing a weapon, is a crime of violence under the Force Clause of § 924(c). *See United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016); *see also United States v. Kennedy*, 720 Fed. App'x 104, 110 (3d Cir. 2017); *United States v. Milan*, No. 17-1943, 2017 WL 5053959, *1 (3d Cir. Aug. 10, 2017). I recognize that the Defendant was not actually charged with a Hobbs Act robbery. But the Third Circuit has explained that "the actual charge is 'irrelevant' because the statutory focus [of § 924(c)] is on whether a defendant 'committed' the predicate offense." *United States v. Levy*, No. 16-596, 2017 WL 2559627, *7 (W.D. Pa. June 13, 2017) (citing *United States v. Galati*, 844 F.3d 152, 155 (3d Cir. 2017)). In fact, the Circuit recently explained in *United States v. Galati*, that "while it is necessary to present proof of the underlying crime to convict under § 924(c), a defendant need not be convicted or even charged with the underlying crime to be convicted under § 924(c)." 844 F.3d at 155 (citing *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998)).

At bottom, I find that the Defendant "committed" the crime of Hobbs Act robbery and the force applied "sprang from the barrel of [his] gun." *Robinson*, 844 F.3d at 144. Such a crime qualifies as a crime of violence under the Force Clause of § 924(c). For this reason, Defendant's Motion will be denied.

7

**B.     The Residual Clause**

The Defendant also argues that conspiracy to commit Hobbs Act robbery fails to qualify as a crime of violence under the Residual Clause of § 924(c). While there is considerable support to suggest that such a conspiracy may be considered a crime of violence under the Residual Clause, I need not reach this conclusion because it is clear that the Defendant committed a Hobbs Act robbery with a gun. *See, e.g.*, *United States v. Taylor*, 176 F.3d 331, 338 (6th Cir. 1999) ("[A] conspiracy to commit a robbery that violates the Hobbs Act is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be used against the person or property of another, and therefore is a crime of violence within the meaning of section 924(c)."); *United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1994); *United States v. Rodriguez*, No. 07-CR-429, 2018 WL 1744734, *3-4 (M.D. Pa. Apr. 11, 2018).  And, as previously explained, there is no question that a Hobbs Act robbery committed while brandishing a weapon is a crime of violence under the Force Clause. *See Robinson*, 844 F.3d at 141; *see also Kennedy*, 720 Fed. App'x at 110; *Milan*, 2017 WL 5053959, *1. Therefore, I will abstain from determining: (1) whether the conspiracy charge is a crime of violence under the Residual Clause, and (2) whether the Residual Clause is unconstitutionally vague.

**C.     Certificate of Appealability**

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue. *See* 3rd Cir. LAR 22.2. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v.*

8

*McDaniel*, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253.

This case does not invoke any of the numerous unanswered questions that exist post-*Johnson*. Instead, this case involves an application of recent Third Circuit precedents –namely the Circuit's holdings in *Robinson* and *Galati*–that have not been the basis for debate among jurists of reason. Therefore, a COA will not issue.

### IV . Conclusion

For the above stated reasons, the Defendants Motion to Correct Sentence under 18 U.S.C. § 2255 will be denied.

An appropriate order follows.

| | |
|---|---|
| June 12, 2018 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |